**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

JASON NATHANIEL WILLIAMSON,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C 10-3017-MWB
(No. CR 05-3023-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S SECTION 2255
MOTION**

_____

**TABLE OF CONTENTS**

*I.* *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. The Petitioner's Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . 2
    *B. The Petitioner's §2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . 3

*II.* *PRELIMINARY MATTERS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*III.* *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . 5
    *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . 8
        *1. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . 8
        *2. Failure to advise regarding challenge to state charge* . . . . . . 10
    *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . 14

*IV.* *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## I.  INTRODUCTION

This case is before me on petitioner Jason Nathaniel Williamson's Motion To Vacate Sentence (Civ. docket no. 1), filed by counsel on April 19, 2010, and on Williamson's Motion For Evidentiary Hearing (Civ. docket no. 6) filed on July 6, 2010. Williamson claims that the attorney who represented him at the trial level provided him with ineffective assistance of counsel.  The respondent denies that Williamson is entitled to any relief on his claims.

### A.  *The Petitioner's Criminal Proceedings*

On August 23, 2005, Williamson was charged by a two-count Indictment (Crim. docket no. 1).  Count one of the Indictment charged Williamson with bank robbery and count two of the Indictment charged him with money laundering.  *See* Crim. docket no. 1.  On September 1, 2005, Williamson appeared, with counsel, for his Arraignment and Initial Appearance before United States Magistrate Judge John A. Jarvey and entered a plea of not guilty to both counts.  *See* Crim. docket no. 7.  On November 9, 2005, by counsel, Williamson filed a Notice Of Intent To Plead Guilty (Crim. docket no. 16). Williamson appeared, with counsel, before Judge Jarvey, on April 3, 2006, to enter his plea of guilty to both counts of the Indictment.  *See* Crim. docket no. 41.  On April 3, 2006, Judge Jarvey filed his Report and Recommendation (Crim. docket no. 39), recommending that I accept Williamson's guilty plea.  I filed an Order Accepting Magistrate Judge's Report And Recommendation Regarding Defendant's Guilty Plea (Crim. docket no. 44) on April 18, 2006.

Williamson appeared, with counsel, before me on June 30, 2006, for a sentencing hearing.  *See* Crim. docket no. 54.  I found that Williamson had a total offense level of 31 with a criminal history category of VI, for an advisory United States Sentencing Guideline

range of imprisonment of 188 to 235 months. *See* Sent. Trans. at 23. I determined that a sentence of 235 months, at the top of the guideline range, on each count, to run concurrently, was a reasonable sentence taking into consideration the § 3553(a) factors. *See* Sent. Trans. at 25.

Williamson, by counsel, filed a Notice of Appeal (Crim. docket no. 56), to the United States Court of Appeals for the Eighth Circuit, on July 6, 2006. On appeal, Williamson's appellate counsel moved to withdraw and filed an *Anders* brief arguing that the sentence at the top of the guideline range was unreasonable because I gave undue weight to a robbery victim's testimony as compared to Williamson's mental illness and sentenced Williamson beyond what was minimally sufficient. *See* Crim. docket no. 76.

On November 14, 2007, the United States Court of Appeals for the Eighth Circuit entered an Opinion (Crim. docket no. 76). The court affirmed my sentencing decision, concluding that I had properly considered only relevant factors, including the offense circumstances and Williamson's extensive criminal history, as well as his serious mental illness and that the sentences were not unreasonable. *See* Crim. docket no. 76.

## B.  The Petitioner's §2255 Motion

On April 19, 2010, Williamson, by counsel, filed this Motion To Vacate Sentence (Civ. docket no. 1) ("Motion"), pursuant to 28 U.S.C. §2255. On July 6, 2010, by counsel, Williamson filed a Brief In Support Of Motion To Vacate Sentence (Civ. docket no. 5) and a Motion For Evidentiary Hearing (Civ. docket no. 6). The respondent filed a Resistance To Movant's Petition Under 28 U.S.C. §2255 (Civ. docket no. 9), on October 12, 2010. On December 15, 2010, Williamson, by counsel, filed an Unresisted  Motion To Supplement Record (Civ. docket no. 14). By Order (Civ. docket no. 16), I granted Williamson's Unresisted Motion To Supplement Record. Williamson, by counsel, filed

a Reply To Government's Resistance (Civ. docket no. 17) on December 17, 2010. Williamson, by counsel, filed a Motion To Supplement The Record (Civ. docket no. 18) on December 17, 2010. On January 25, 2011, by Order (Civ. docket no. 21), I granted Williamson's Motion To Supplement The Record.

## II.  PRELIMINARY MATTERS

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255.  In this case, I conclude that no evidentiary hearing is required on any issue, because the record conclusively shows that Williamson's allegations, if accepted as true, would not entitle him to relief because he cannot demonstrate either that he was prejudiced nor that his trial counsel's performance was deficient.

Claims are procedurally defaulted if not raised at trial or on direct appeal.  *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)).  However, the "cause and prejudice" that must be shown to resuscitate

a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Where necessary and possible, I have construed otherwise potentially defaulted claims as claims of ineffective assistance of counsel, and have assumed, without deciding, that Williamson can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel. Therefore, I will pass on to the merits of Williamson's claims for § 2255 relief.

## III. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Williamson's claims, in light of the evidence in the record, I note, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate

a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

A claim that has been unsuccessfully raised on direct appeal may not be relitigated on a motion to vacate. *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992).

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that

the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)). With these standards in mind, I turn to analysis of Williamson's claims for § 2255 relief.

### B. Ineffective Assistance Of Counsel

#### 1. Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Williamson is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)

8

(quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). "[T]he standard for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). "There must be a substantial likelihood of a different result." *Harrington,* 131 S.Ct. at 792. "Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure to advise regarding challenge to state charge*

Williamson argues that his trial counsel provided ineffective assistance of counsel by failing to advise Williamson to seek state criminal counsel to challenge a prior state court conviction for domestic abuse assault that provided the basis for determining that Williamson was a career offender pursuant to United States Sentencing Guidelines

("U.S.S.G.") §4B1.1(a) because the state court conviction was erroneously classified as an aggravated misdemeanor. (Motion at 9). Williamson alleges that, at some point prior to sentencing, he told his trial counsel that the domestic abuse assault charge should have been only a misdemeanor. (Motion at 9). Williamson argues that no other prior criminal charges would have qualified as a prior crime of violence for purposes of determining that he was a career offender and, therefore, if his trial counsel had advised him to reopen his prior state conviction, he "could have avoided the career offender designation." (Motion 9-10).

Respondent asserts, first, that Williamson's Motion is untimely. (Resistance at 5). Respondent argues that when a state offense that has served as a predicate offense for a career offender designation is subsequently vacated, the one year statute of limitations for filing a §2255 is extended for an extra year, running from the date of the movant's notice of the vacated sentence pursuant to *Johnson v. United States*, 544 U.S. 295, 311 (2005); however, respondent argues, Williamson, has not used the due diligence to obtain the vacation of his underlying state conviction that is required to gain the benefit of the extended statute of limitations. (Resistance at 5).

Further, the respondent claims that Williamson would have been designated as a career offender regardless of the domestic assault conviction because Williamson would still have been 18 years old at the time of the instant offense; the instant offense was a felony involving violence; and Williamson still had two other prior felony convictions involving violence or controlled substances. (Resistance at 6-7). Respondent asserts that because Williamson would correctly have been classified as a career offender regardless of the mistaken classification of the domestic assault conviction, Williamson fails to show how he was prejudiced by the alleged ineffective assistance of his trial counsel. (Resistance at 8-9).

Williamson received a sentencing enhancement in accordance with the provisions found in U.S.S.G. §4B1.1. (PSIR at para. 51). Section 4B1.1 of the Guidelines provides:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1(a)(2006). The record demonstrates that Williamson was at least 18 years old at the time he committed the bank robbery and engaged in money laundering as charged in the instant offense. It is undisputed that bank robbery is a felony that is a crime of violence. It is also undisputed that Williamson was convicted of Possession With Intent To Manufacture Methamphetamine on June 1, 1999, in Boone County, Iowa, and was sentenced to 10 years. (PSIR at para. 65). If Williamson had one other prior conviction that was a felony conviction of "either a crime of violence" or a qualifying "controlled substance offense," his status as a career offender would have been unchanged and his sentence would have remained the same, regardless of the status of his domestic assault conviction as a misdemeanor or felony.

The record shows that Williamson was convicted of eluding on February 12, 2004, in Boone County, Iowa, and was sentenced to 2 years in prison. (PSIR para. 70). Iowa Code § 321.279 provides three criminal classifications for a charge of eluding. Iowa Code § 321.279. One classification is a serious misdemeanor, which would only have been punishable by up to one year imprisonment. *See* Iowa Code § 903.1(b). In order to have been sentenced to 2 years in prison, Williamson would have had to have been convicted of eluding pursuant to either Iowa Code § 321.279(2) or § 321.279(3). Both of these sections of the Iowa Code relating to the offense of eluding have been separately

determined to be "crimes of violence," for purposes of application of the career offender provisions of the Guidelines, by the United States Court of Appeals for the Eighth Circuit. *See United States v. Clay*, 622 F.3d 892 (8th Cir. 2010); *United States v. Malloy*, 614 F.3d 852 (8th Cir 2010). The statutory and guideline provisions analyzed by the Eighth Circuit Court of Appeals in *Clay* and *Malloy*, were substantively identical to the controlling provisions at the time of Williamson's sentencing in 2006. In *Malloy*, the court distinguished its prior holding in *United States v. Tyler*, 580 F.3d 722 (8th Cir. 2009) (holding that a Minnesota conviction for fleeing a peace officer in a motor vehicle was not a crime of violence for purposes of the career offender guideline enhancement), by discussing at length the differences between the Iowa eluding offense pursuant to Iowa Code § 321.279(3) and the Minnesota "fleeing" offense. *Malloy*, 614 F.3d at 864-65. Indeed, very recently, for many of the same reasons the Eighth Circuit Court of Appeals determined that the charge of eluding in Iowa was a crime of violence, the Supreme Court held that the offense of "vehicle flight" pursuant to Indiana's statutes, is a violent felony for purposes of ACCA. *Sykes v. United States*, 2011 WL 2224437 (June 9, 2011) (risk of violence is inherent to vehicle flight).

It would not have been unreasonable for Williamson's trial counsel, as Williamson states she did, to have predicted, based on the state of the law at the time, that his prior conviction for eluding would have been considered a qualifying crime of violence for purposes of the career offender guidelines. The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003)

(quoting *Strickland*, 466 U.S. at 688). On this record, Williamson is unable to demonstrate that his counsel provided ineffective assistance of counsel.

While I could rest my decision in this case on Williamson's inability to demonstrate that his trial counsel performed deficiently, it is also clear that Williamson has not shown that he was prejudiced. Since I have determined that Williamson would have been classified as a career offender regardless of the subsequent reclassification of his prior state conviction for domestic assault, Williamson would have received the exact same sentence. "'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). "There must be a substantial likelihood of a different result." *Harrington,* 131 S.Ct. at 792.

Williamson cannot demonstrate either that his trial counsel provided ineffective assistance or that he was prejudiced. Therefore, his claim of ineffective assistance of counsel fails. There is no need, in this case, to address the issue of whether Williamson used due diligence in attacking his prior state conviction.

## C. Certificate Of Appealability

Denial of Williamson's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

14

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b).  To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569.  Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that Williamson has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2).  Specifically, there is no showing that reasonable jurists would find my assessment of Williamson's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569.  Therefore, Williamson does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

*IV. CONCLUSION*

Upon the foregoing, Williamson's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 1), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 28th day of June, 2011.

_Mark W. Bennett_
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA